[Cite as *State v. Chavers*, 2011-Ohio-3248.]

STATE OF OHIO )
)ss:
COUNTY OF WAYNE )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO

    Appellee

v.

GREGORY A. CHAVERS

    Appellant

C.A. No.    10CA0031

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    CRB 08-09-1395

DECISION AND JOURNAL ENTRY

Dated: June 30, 2011

CARR, Presiding Judge.

{¶1} Appellant, Gregory Chavers, appeals the judgment of the Wayne County Municipal Court. This Court affirms.

I.

{¶2} On September 19, 2008, Chavers was a passenger in a vehicle that was the subject of a traffic stop in Wooster, Ohio. During the course of the stop, law enforcement called a drug dog which subsequently alerted to the odor of narcotics. On September 23, 2008, Chavers was charged by complaint with possession of drugs in violation of R.C. 2925.11(C)(2), a misdemeanor of the second degree. The complaint specified that the drug involved was diazepam, also known as valium. While Chavers originally pleaded not guilty to the charge at arraignment, he subsequently entered a plea of no contest at a pretrial hearing held on January 5, 2009. The trial court accepted Chavers' plea and ordered a presentence investigation report.

{¶3} Subsequently, on January 16, 2009, Chavers filed four pro se motions with the trial court. The first was a motion to withdraw his plea of no contest. Chavers also filed a motion for a Marsden hearing, a motion to dismiss the complaint based on the illegality of the arrest, and a motion for a change of venue. On February 3, 2009, Chavers filed a motion to suppress the yellow pill that was recovered during the traffic stop. The trial court held a hearing on February 10, 2009. The trial court denied Chavers' motion to withdraw his plea. The trial court then found that Chavers' motion for change of venue and motion to dismiss were moot. The trial court further denied Chavers' motion for a Marsden hearing and denied his motion to suppress as untimely. The trial court then proceeded to the sentencing phase. The trial court's sentencing entry, which was journalized on the afternoon of February 10, 2009, indicated that Chavers was sentenced to fifteen days in jail, an undefined term of house arrest, a six month license suspension, and an unspecified length or type of community control. Chavers filed a notice of appeal on February 13, 2009.

{¶4} On May 24, 2010, this court issued a decision dismissing the appeal on the basis that Chavers had not appealed from a final, appealable order. In reaching this conclusion, we noted that the trial court's sentencing entry failed to specify the length and type of Chavers' community control term, as well as the term of Chavers' house arrest. The trial court held a new sentencing hearing on June 15, 2010, and issued a new sentencing entry the same day. Chavers filed a notice of appeal on June 22, 2009. On June 29, 2010, this Court issued a journal entry indicating that the entry from which Chavers' appealed was not a final, appealable order due to the fact that it did not contain the finding of the court upon which the conviction was based. The trial court subsequently issued a corrected sentencing entry on August 3, 2010. Upon Chavers' motion, this Court reinstated his appeal on August 25, 2010.

**{¶5}** On appeal, Chavers raises five assignments of error. This Court rearranges some assignments of error to facilitate review.

II.

## ASSIGNMENT OF ERROR IV

"TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS PLEA OF NO CONTEST."

**{¶6}** In his fourth assignment of error, Chavers argues that the trial court erred in denying his motion to withdraw his plea of no contest. This Court disagrees.

**{¶7}** The withdrawal of a plea is governed by Crim.R. 32.1, which states:

"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

This Court has held that "[a] criminal defendant may withdraw his guilty plea prior to sentencing if the criminal defendant has presented a legitimate and reasonable basis for the withdrawal of the guilty plea." *State v. West*, 9th Dist. No. 04CA008554, 2005-Ohio-990, at ¶20. While an appellate court reviews a trial court's decision to grant or deny a criminal defendant's motion to withdraw his guilty plea for an abuse of discretion, this Court has asserted that "[w]hen a motion to withdraw a guilty plea is made before sentencing, it is to be freely allowed and treated with liberality." *State v. Eklich* (June 29, 1994), 9th Dist. No. 2279-M. See, also, *State v. Xie* (1992), 62 Ohio St.3d 521, 527.

**{¶8}** An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d

619, 621. This Court has previously held that a trial court does not abuse its discretion by denying a pre-sentence motion to withdraw a guilty plea when the following three elements are present:

> "'(1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea.'" *West* at ¶22, quoting *State v. Pamer*, 9th Dist. No. 04CA0027-M, 2004-Ohio-7190, at ¶10.

Furthermore, this Court has required that a trial court's decision regarding a pre-sentence motion to withdraw a guilty plea also take into consideration the facts and circumstances which are specific to each case. *West* at ¶23. In reviewing the trial court's decision, this Court must consider those same facts and circumstances. Id.

{¶9} In *State v. Wheeland*, 9th Dist. No. 06CA0034-M, 2007-Ohio-1213, at ¶12, this Court recognized several additional factors which may be relevant to the inquiry of whether the trial court properly ruled on a motion to withdraw a guilty plea. Those factors included:

> "'1)[]whether the state will be prejudiced by withdrawal; 2) the representation afforded to the defendant by counsel; 3) the extent of the Crim.R. 11 plea hearing; 4) the extent of the hearing on the motion to withdraw; 5) whether the trial court gave full and fair consideration to the motion; 6) whether the timing of the motion was reasonable; 7) the reasons for the motion; 8) whether the defendant understood the nature of the charges and potential sentences; and 9) whether the accused was perhaps not guilty or had a complete defense to the charge.' *State v. Fulk*, 3d Dist. No. 15-04-17, 2005-Ohio-2506, at ¶13, quoting *State v. Lewis*, 3d Dist. No. 1-02-10, 2002-Ohio-3950, at ¶11." *Wheeland* at ¶12.

{¶10} In support of his position that the trial court abused its discretion in denying his motion to withdraw his plea, Chavers argues in his merit brief that he "did not contest the charge against him, but the facts surrounding the charge and proceedings of the case at trial." While Chavers does not dispute that he received a hearing before entering his no contest plea, he does take issue with the presentation of facts given by the State at the plea hearing. Chavers also

argues that he gave the trial court good reason in support of his motion to withdraw his plea, namely that defense counsel knew Chavers would have been "exonerated" because the evidence against him was obtained illegally. Chavers further contends that neither he, nor defense counsel, had an opportunity to review the presentence investigation report.

{¶11} In this case, the trial court conducted a plea hearing on January 5, 2009. At the hearing, Chavers indicated that he was prepared to withdraw his plea of not guilty and enter a plea of no contest to the charge of possession of drugs. The trial judge informed Chavers that he would be "giving up" several constitutional rights, including the "right to a court or jury trial, your right to remain silent, your right to confront witnesses against you, your right to compulsory process to bring in your own witnesses to testify in your behalf, and finally your right to make the State prove each element of this offense beyond a reasonable doubt." Chavers indicated on the record that he was willing to give up such rights. The trial judge further gave Chavers a written waiver and asked him to review it with defense counsel prior to signing it. The record contains a written waiver signed by Chavers, defense counsel, and the trial court judge. Chavers further indicated on the record that he was not offered anything in exchange for his plea, and that he was not forced or coerced into changing his plea. Mr. Chavers indicated that he understood the penalties that could be imposed upon a finding of guilt, including an automatic license suspension and that the matter would be reported to the Bureau of Motor Vehicles and would become part of his permanent driving record.

{¶12} The trial court then allowed the State to put a statement of facts on the record. The State indicated that Officer McConnell stopped a motor vehicle for a traffic violation and Chavers was found to be a passenger in the vehicle. During the course of the stop, Officer Waddell arrived with a drug dog. The drug dog alerted to the odor of narcotics. At that time, the

occupants were taken out of the vehicle. Officer Waddell found a yellow pill on Chavers' person. The pill was later tested and found to be Diazapam. Chavers acknowledged that he did not have a prescription for Diazapam.

{¶13} The trial court provided defense counsel with an opportunity to supplement the facts presented by the State. Defense counsel clarified that "one tablet [was] found in the right hand pocket of the shorts that Mr. Chavers was wearing." Defense counsel then made the following statement:

> "Mr. Chavers view of this is that it was not on his person. In watching the videotape, Your Honor, you can see that the officer puts his right hand in the pocket. He is then off camera range he slightly, whatever he has pulled out of the pocket, you can't tell whether it has fallen to the ground or not but when he comes back into camera range he puts his left hand into that same pocket. He then goes over to Officer McConnell and then there is a discussion about this pill. As Ms. Schumacher had said, Mr. Chavers told them he does not have a prescription for that. Your Honor, he does not have, he does not believe that that pill was in his pocket. If it was in there, it wasn't something that he put there. He has prescriptions for pain medication that he believes are stronger than that. Um, and that he would have no interest or desire or business of having that pill that is not prescribed to him. Um, Your Honor, Mr. Chavers does understand the situation he found himself in here, um, the testimony from the police officers and at least on a theory of constructive possession that he likely would have been found guilty and based on all that and his understanding of law, Mr. Chavers chose to come in here this morning and enter this plea."

{¶14} The trial court then entered a finding of guilty against Mr. Chavers on the charge of possession of drugs.

{¶15} As noted above, Chavers filed several pro se motions on January 16, 2009, including a motion to withdraw his plea. In his memorandum in support of his motion to withdraw his plea, Chavers argued that several critical facts had not been presented to the trial court. Chavers requested an opportunity to show "1. There [were] witness to (sic); 2. The Police Report is inconsistent with the facts of the case; 3. The Video tape show[ed] the inconsisten[cy] of the police report; 4. When stopped the pill was foun[d] by [a] known drug house, 5. When

searched the pill was not foun[d] on defendant's person, but on the ground." Chavers also emphasized that he was participating in drug and life skills counseling; that he was enrolled in classes; and that he was "back on his medication(s);" and that he had inquired about possibly working with at-risk youth.

{¶16} On February 10, 2009, the trial court held a hearing on Chavers' motion to withdraw his plea. Chavers stated on the record that he had not had contact with his attorney since the plea hearing on January 5, 2009. When asked if he would like to add to his written motion, Chavers indicated the motion spoke for itself. Chavers then emphasized that he had issues with the way the case was presented at the plea hearing. In overruling the motion to withdraw the plea, the trial court informed Chavers that he was "fully informed by the Court, both orally as well in writing, as [to] the affect of a plea of no contest." The trial court noted that there was no duress or coercion in this case. The trial court further found that "the plea was made with the effective assistance of counsel at the time it was voluntarily and knowingly entered into." Defense counsel noted at the hearing on the motion to withdraw the plea that his remarks at the plea hearing were based on his understanding that a plea of no contest entailed "not contesting the facts as alleged" but "not coming to the legal conclusion that those facts mean that we are guilty." Defense counsel noted that his review of Chavers' motions filed subsequent to the plea hearing seemed to indicate that Chavers wished to "assert[] differences with the facts as alleged." The trial court then permitted defense counsel to state on the record how he had prepared for the case leading up to the plea hearing.

{¶17} Chavers' arguments relating to the adequacy of the plea hearing and the competency of counsel's performance are rooted in his position that the statement of facts at the plea hearing was inaccurate. Chavers does not argue that he was unaware of the effect of a no

contest plea. Instead, he takes issue with the "facts surrounding the charge" and defense counsel's performance in challenging those facts. Crim.R. 11(B)(2) states that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Chavers was represented by counsel when he entered a plea of no contest to the charge of possession of drugs at the plea hearing. While Chavers asserts that defense counsel did not sufficiently challenge the statement of facts, we note that the very nature of entering a plea of no contest entails admitting to the facts set forth in the charging instrument. This Court has held that, "[w]hile the court may consider an argument from the defendant that the facts, as explained by the state and admitted by the no contest plea, do not constitute the offense charged, the defendant, by pleading no contest, has waived the right 'to present additional affirmative factual allegations to prove that he was not guilty.'" *State v. Murphy* (1996), 116 Ohio App.3d 41, 43, quoting *State v. Gilbo* (1994), 96 Ohio App.3d 332, 337. Nevertheless, the plea hearing transcript indicates that defense counsel did, in fact, attempt to clarify the statement of facts presented by the State with respect to the number of pills law enforcement found during the traffic stop. Defense counsel further stated on the record that Chavers "d[id] not believe that that pill was in his pocket [and] [i]f it was in there, it wasn't something that he put there." Furthermore, Chavers himself indicated at the plea hearing that he understood he was waiving several constitutional rights which, if exercised, would have allowed him to challenge the factual allegations inherent in the charge, including the right to a jury trial, the right to confront witnesses against him, the right to compulsory process to bring in his own witnesses to testify on his behalf, as well as his right to make the State prove each element of this offense beyond a reasonable doubt. Under the circumstances here, Chavers

has not demonstrated that there were deficiencies with respect to the plea hearing or the performance of defense counsel therein.

{¶18} With respect to the hearing on the motion to withdraw his plea, the record shows that the trial court held a hearing in which Chavers was given an opportunity to present the basis for his motion. At the outset of the hearing, the trial court noted that the motion was filed by Chavers without the consultation or assistance of counsel. The trial court afforded Chavers an opportunity to supplement the contents of his written motion. Chavers argues on appeal that the trial court should have granted the motion on the basis that the pill was unlawfully obtained. In the memorandum in support of his motion to withdraw his plea, however, Chavers contended that a witness and video would show that the factual allegations in the police report were inaccurate. Chavers also asserted that the pill in question was found on the ground "by [a] known drug house." While Chavers made these claims in his memorandum, he did not present any evidence at the hearing to substantiate his claims. Under these facts, Chavers has not demonstrated on appeal that the trial court did not give full and fair consideration of his motion.

{¶19} Chavers' final argument in support of his fourth assignment of error is that the trial court erred under R.C. 2951.03(B)(1) by not permitting Chavers or defense counsel to review the presentence investigation report prior to the sentencing phase in this matter. As Chavers has not explained how his argument with respect to the presentence investigation report is related to his position that the trial court abused its discretion denying his motion to withdraw his plea, we decline to address it. App.R. 16(A)(7).

{¶20} Under the facts and circumstances of this case, the trial court did not abuse its discretion in denying Chavers' motion to withdraw his plea. Chavers has not demonstrated that defense counsel was incompetent at the plea hearing. Chavers has also failed to demonstrate that

he was not provided with a full Crim.R. 11 hearing, or that the trial court did not provide him with a full hearing on his motion to withdraw his plea. See *West* at ¶22. It follows that the fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR I

"TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO DISMISS TRIAL COUNSEL."

## ASSIGNMENT OF ERROR II

"THERE WAS PROSECUTORIAL MISCONDUCT COMMITTED IN APPELLANT'S CASE."

## ASSIGNMENT OF ERROR III

"THERE WAS INEFFECTIVE ASSISTANCE OF COUNSEL IN APPELLANT'S CASE BEFORE AND DURING THE TRIAL."

## ASSIGNMENT OF ERROR V

"TRIAL COURT ERRED WHEN IT DENIED APPELLANT A FULL HEARING ON THE TWO MOTIONS PRESENTED, DENYING AS MOOT, EVADING REVIEW."

{¶21} In his first assignment of error, Chavers argues that the trial court erred in denying his motion to dismiss defense counsel. In his second assignment of error, Chavers argues that the State committed prosecutorial misconduct. In his third assignment of error, Chavers raises an ineffective assistance of counsel challenge. In his final assignment of error, Chavers argues that the trial court erred when it denied him a full hearing on his motion to suppress and his motion to dismiss. Because our resolution of the fourth assignment of error is dispositive of this appeal, this Court declines to address Chavers' remaining assignments of error as they are rendered moot. See App.R. 12(A)(1)(c).

III.

**{¶22}** Chavers' fourth assignment of error is overruled. This Court declines to address his first, second, third, and fifth assignments of error as they are rendered moot. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

GREGORY A. CHAVERS, pro se, Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and LATECIA E. WILES, Assistant Prosecuting Attorney, for Appellee.