**[Cite as *State v. Sibert*, 2020-Ohio-3786.]**

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 29424 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BYRON P. SIBERT | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 19CR00193 |

DECISION AND JOURNAL ENTRY

Dated: July 22, 2020

SCHAFER, Judge.

{¶1}   Defendant-Appellant, Byron Sibert, appeals from the judgment of the Akron Municipal Court.  This Court dismisses a portion of the appeal and otherwise affirms the trial court's judgment.

I.

{¶2}   Following an incident that occurred at his mother's place of employment, Sibert was arrested and charged with two counts of domestic violence.  He agreed to plead no contest to one of those counts in exchange for the State dismissing the other count.  On April 30, 2019, the trial court accepted his plea and sentenced him to a suspended jail sentence on the condition that he obey all laws for one year.

{¶3}   Two days after the court sentenced Sibert, he moved to withdraw his plea. The court briefly addressed his motion to withdraw at a hearing and took the matter under

advisement. The following day, it denied the motion on the basis that Sibert had not satisfied the manifest injustice standard. The court agreed to stay the execution of his sentence for purposes of an appeal.

{¶4} Sibert now appeals from the judgment of the Akron Municipal Court and raises two assignments of error for our review.

II.

### Assignment of Error I

**The trial court committed plain error in determining guilt and sentencing upon a no contest plea in a misdemeanor case in the absence of a recitation of the facts or defense waiver of such requirement.**

{¶5} In his first assignment of error, Sibert argues that the trial court committed plain error when it found him guilty and sentenced him on his no contest plea in the absence of an explanation of the circumstances or express waiver of the same. Because Sibert has not timely appealed from his sentencing entry, this Court lacks jurisdiction to hear the merits of his first assignment of error.

{¶6} A notice of appeal "must be filed within 30 days of the judgment or order appealed from unless the appealing party can establish an exception to the time limit." *State v. Lovett*, 9th Dist. Summit No. 26779, 2013-Ohio-3515, ¶ 6, citing App.R. 4. "[A]n untimely notice of appeal does not invoke this Court's jurisdiction." *State v. Herzberger*, 9th Dist. Lorain No. 16CA010899, 2017-Ohio-491, ¶ 6. "Where an untimely appeal has been filed, an appellate court lacks jurisdiction to consider the merits, and the appeal must be dismissed." *State v. Myers*, 9th Dist. Wayne No. 08CA0041, 2009-Ohio-2082, ¶ 7,

quoting *Metropolitan Bank & Trust Co. v. Roth*, 9th Dist. Summit No. 21174, 2003-Ohio-1138, ¶ 15.

{¶7} Sibert's sentencing entry was journalized on April 30, 2019. He did not file his notice of appeal until May 31, 2019, which was 31 days later. Because he appealed more than 30 days after the issuance of his sentencing entry, his appeal from the sentencing entry is untimely, and this Court lacks jurisdiction to consider it. *See, e.g., State v. Dyson*, 9th Dist. Wayne No. 09CA0055, 2010-Ohio-6452, ¶ 5-7. As such, his first assignment of error is overruled because this Court lacks jurisdiction to consider an appeal from the sentencing entry.

### Assignment of Error II

**The trial court erred in denying a post sentence motion to withdraw a no contest plea when manifest injustice was shown by undisputed facts that no crime had been committed[.]**

{¶8} In his second assignment of error, Sibert argues that the trial court erred when it denied his post-sentence motion to withdraw his plea. We disagree.

{¶9} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The term "manifest injustice" has been described as a "'clear or openly unjust act.'" *State v. Ruby*, 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 11, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998). "'Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in

extraordinary cases.'" *State v. Ross*, 9th Dist. Wayne No. 13CA0015, 2014-Ohio-1675, ¶ 14, quoting *State v. Brown*, 9th Dist. Summit No. 24831, 2010-Ohio-2328, ¶ 9.

{¶10} "As a general matter, the decision to grant or deny a motion to withdraw a [no contest] plea lies within the sound discretion of the trial court." *Ross* at ¶ 13, citing *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). Accordingly, an appellate court reviews the denial of a motion to withdraw a no contest plea for an abuse of discretion. *State v. Chavers*, 9th Dist. Wayne No. 10CA0031, 2011-Ohio-3248, ¶ 7. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} It is evident from the transcript of the brief hearing that the trial court conducted on Sibert's motion to withdraw that he presented the court with a written motion. His written motion is not part of the record, however, and he failed to place any of the arguments in support of his motion on the record at the hearing. Instead, he informed the trial court that he had assembled his motion quickly and had not had time to "thoroughly research the issue of what is a manifest injustice * * *." He requested an opportunity to submit case law on that issue. At the conclusion of the hearing, the court instructed both parties to obtain supporting case law and to exchange it before the following morning when the court intended to make its ruling. The record does not contain any filings related to additional case law that the parties may have exchanged.

{¶12} On appeal, Sibert argues that the trial court erred when it denied his motion to withdraw on the basis that he failed to demonstrate a manifest injustice. He argues that he (1) was innocent of the charges alleged, and (2) pleaded no contest based on the

erroneous belief that his plea would not be used against him in a separate case.[1]  In support of his argument, he quotes from language that purportedly appeared in his motion to vacate. He also references the outcome of the proceedings in his separate case.

{¶13}  Upon review, we cannot conclude that the trial court abused its discretion when it denied Sibert's post-sentence motion to withdraw his plea.  *See Chavers*, 2011-Ohio-3248, at ¶ 7.  The record supports the conclusion that Sibert failed to satisfy the manifest injustice standard, as he failed to offer any arguments or rationale in support of his motion.  Sibert cannot demonstrate error on appeal by pointing to items that were either not filed in the lower court or are from an entirely different case.  It is axomatic that this Court cannot review matters that were not made a part of the trial court record.  *See State v. Ishmail*, 54 Ohio St.2d 402, 406 (1978) ("[A] reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings.").  Because Sibert failed to set forth any argument on the record in support of his motion to withdraw, we reject his claim that he satisfied the manifest injustice standard.  Sibert's second assignment of error is overruled.

III.

{¶14}  This Court lacks jurisdiction to consider Sibert's first assignment of error. His second assignment of error is overruled.  Based on that determination, the judgment of the Akron Municipal Court is affirmed.

---

[1] The affidavit in support of Sibert's arrest warrant noted that he was being charged in a separate case with violating an outstanding civil protection order.  Additionally, at the start of the plea hearing, Sibert's counsel noted that Sibert had been charged with violating a protection order.

Appeal dismissed in part,
and judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

MARK H. LUDWIG, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellee.