[Cite as *State v. Johnson*, 2021-Ohio-4344.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No.  L-21-1035 |
| Appellee | Trial Court No.  CR0201402385 |
| v. | |
| Keevon Johnson | **DECISION AND JUDGMENT** |
| Appellant | Decided:  December 10, 2021 |

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Keevon Johnson, Pro se.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellant, Keevon Johnson, from two judgments of the Lucas County Common Pleas Court.  For the reasons that follow, we dismiss this appeal.  We further find all of appellant's pending motions, notices and other filings moot.

## Background

**{¶ 2}** On May 29, 2015, appellant entered a plea of guilty to the offense of discharge of a firearm upon or over a public road or highway, in violation of R.C. 2923.162(A)(3) and (C)(2), a felony of the third degree as well as the offense of involuntary manslaughter, in violation of R.C. 2903.04(A) and (C), a felony of the first degree, with an attendant firearm specification. He also pled guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) to felonious assault, in violation of R.C. 2903.11(A)(2) and (D), a felony of the second degree. He was sentenced on June 23, 2015 to a total of 15 years in prison.

**{¶ 3}** On January 13, 2016, appellant moved the trial court to withdraw his guilty plea. The motion was denied and appellant appealed. We affirmed the trial court's decision. *State v. Johnson,* 6th Dist. Lucas No. L-16-1280, 2018-Ohio-1656.

**{¶ 4}** From May 4, 2020 through January 22, 2021, appellant filed numerous pro se motions in the trial court. With the exception of requests for leave to make corrections and leave to file a reply, which the court granted, the trial court denied appellant's motions in a judgment entry file-stamped on February 1, 2021.[1]

**{¶ 5}** On February 9, 2021, the trial court issued another order denying a pleading filed by appellant captioned "Leave to File Notice of Actual Innocence."

---

[1] We note that this judgment entry was journalized on February 2, 2021. The parties refer to this judgment entry with the date February 1, 2021 and for consistency, we will as well.

2.

{¶ 6} On February 22, 2021, appellant filed two separate notices of appeal – one in appellate case number L-21-1034, and a second under the current case number (L-21-1035). Both of these notices stated appellant's intent to appeal the trial court's February 1, 2021 decision, although only the notice of appeal filed under case number L-21-1034 included an attached copy of the judgment from which appellant was appealing.

{¶ 7} We dismissed appellant's appeal in case number L-21-1034 on May 18, 2021, finding that the February 1, 2021 judgment entry was not final and appealable and that we did not have jurisdiction to hear the appeal.

{¶ 8} With respect to the current case number (L-21-1035), on May 14, 2021, we ordered appellant to, inter alia, file an amended notice of appeal with a copy of the judgment being appealed, a praecipe, and a docketing statement. Appellant was given ten days to comply or the appeal would be subject to dismissal.

{¶ 9} On May 26, 2021, appellant filed a document entitled "Leave to File Amended Notice of Appeal/Judicial Notice (Appr. 3(A)(1)(2) Evid.R 201)" (hereinafter "amended notice of appeal"), in which appellant appears to state that he is consolidating both L-21-1034 and L-21-1035, and in which appellant does state that it is his intent to appeal two orders filed in a companion case in Lucas County Common Pleas case No. CR0201501483. Appellant attached the two orders from case number CR0201501483, which were journalized August 31, 2015 and September 8, 2015, to this amended notice of appeal. Although this amended notice of appeal was only filed under case number L-

3.

21-1034, it appears from the record that appellant intended for it to be filed in both case number L-21-1034 and case number L-21-1035 and that the amended notice of appeal was filed in response to our May 14, 2021 order in the current case (L-21-1035).

{¶ 10} Appellant filed his brief in the current case on August 4, 2021. We transferred this case to the accelerated calendar on August 19, 2021, and the state filed its brief on September 9, 2021.

{¶ 11} On October 5, 2021, appellant filed a document entitled "Notice of Receiving the Brief Titled 'Brief of Plaintiff-Appellee,' (20) Days Later from Service Date" (hereinafter "October 5th notice"). In this document, appellant stated that "[t]his court is well aware that L-21-1035 is an appeal from the nonconsolidated trial court case no 15-1483 and the two judgments of acquittal and dismissal of the principal alleged in that case number."

{¶ 12} In the current case, on November 9, 2021, appellant filed a "Notice of Appellant Filed Leave of Amended Notice of Appeal – Judicial Notice and Two Judgments on May 26, 2021" in which appellant gives the court notice that he previously filed the amended notice of appeal which provided "proof of what judgments [were] being challenged, and that appellant followed [the court's] order in May."

**Analysis**

{¶ 13} On May 14, 2021, we ordered appellant, in the current case, to file an amended notice of appeal with a copy of the judgment being appealed. Although an

4.

amended notice of appeal was not timely filed in the current case, in the interest of justice, we will take notice of the amended notice of appeal filed in case number L-21-1034.

{¶ 14} Upon review, in both the amended notice of appeal and appellant's October 5th notice, appellant states he is appealing two orders filed in 2015 in the companion criminal case of *State of Ohio v. Osha Carter*, Lucas County Common Pleas case No. CR0201501483. We first note that we do not have jurisdiction to consider this appeal as it is filed outside of the time period required by App.R. 4(A). *State v. Sibert*, 9th Dist. Summit No. 29424, 2020-Ohio-3786, ¶ 6. Moreover, appellant was not a party to case No. CR0201501483 and thus does not have standing to appeal the orders filed in that case. *State ex rel. Beacon Journal Publishing Co. v. Bond*, 98 Ohio St.3d 146, 2002-Ohio-7117, 781 N.E.2d 180, ¶ 48 ("Because the Beacon Journal was not a party to the criminal action in the court of common pleas, it lacks standing to appeal the trial court's order."). For the foregoing reasons, we dismiss appellant's appeal in the current case.

{¶ 15} As we have dismissed appellant's appeal, we find all of appellant's pending motions, notices and other filings moot.

{¶ 16} Pursuant to App.R. 24, appellant is hereby ordered to pay the costs incurred on appeal.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.


Myron C. Duhart, J.
CONCUR.

_____
JUDGE


_____
JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.