[Cite as *State v. Cowell*, 2022-Ohio-1742.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

JOSHUA R. COWELL

    Appellant

C.A. No.     30052

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 10 09 2645

DECISION AND JOURNAL ENTRY

Dated: May 25, 2022

SUTTON, Judge.

{¶1} Defendant-Appellant Joshua Cowell appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} In 2011, Mr. Cowell pleaded guilty to one count of aggravated burglary, in violation of R.C. 2911.11(A)(1)/(A)(2), a felony of the first degree; one count of felonious assault, in violation of R.C. 2903.11(A)(1)/(A)(2), a felony of the second degree; one count of rape, in violation of R.C. 2907.02(A)(2), a felony of the first degree; and one count of kidnapping, in violation of R.C. 2905.01(A)(2)/(A)(3), a felony of the first degree. As part of the plea agreement, the State dismissed two counts of kidnapping, two sexually violent predator specifications and one

sexual motivation specification. Mr. Cowell was sentenced to 25 years imprisonment and did not appeal his conviction.[1]

{¶3} Mr. Cowell subsequently filed two motions to vacate his sentence, which were both denied by the trial court. Mr. Cowell also filed a mandamus action which this Court dismissed. Mr. Cowell then filed a motion for leave to file a motion for a new trial, which the trial court denied. On April 14, 2021, Mr. Cowell filed a motion to withdraw his guilty plea, pursuant to Crim.R. 32.1, which is the subject of this appeal.

{¶4} In his motion, Mr. Cowell argued his guilty plea, entered on April 26, 2011, was not made knowingly, intelligently, and voluntarily because, at the time of the plea, he was unaware of the "side effects of Abilify[,]" which he allegedly took from September 12, 2010, to October 31, 2010. Specifically, due to taking Abilify, Mr. Cowell alleged suffering from blackouts, sleepwalking, memory loss, and compulsive and/or impulsive behavior. Mr. Cowell contended he learned about these side effects after the manufacturer of Abilify, in 2016, added a warning regarding the same. Additionally, Mr. Cowell asserted he is a plaintiff in a federal class-action lawsuit filed against the manufacturer of Abilify, which is currently in the discovery phase.

{¶5} As a result of the Abilify class-action, Mr. Cowell retained Frank A. Fetterolf, M.D., as an expert witness. Dr. Fetterolf's report, which was attached as an exhibit to Mr. Cowell's motion, concluded Abilify caused Mr. Cowell to act compulsively. Mr. Cowell argued

---

[1] Prior to pleading guilty, Mr. Cowell was twice evaluated to determine whether he met the criteria for a not guilty by reason of insanity plea and whether he was competent to stand trial. Based upon the evaluations, Mr. Cowell was determined competent to stand trial and sane at the time he committed the offenses.

evidence of Abilify's side effects would constitute a defense of involuntary intoxication or insanity because he lacked the requisite mens rea to commit these crimes, his actions were not voluntary, and he was suffering from a severe mental defect. Further, Mr. Cowell argued, had he known this information in 2011, he would not have entered a plea of guilty.

{¶6} The State, in opposing Mr. Cowell's motion, argued: (1) undue delay; (2) Ohio does not recognize a diminished capacity defense; (3) Ohio no longer permits a voluntary intoxication defense; and (4) Mr. Cowell would bear the burden of proving the affirmative defense of involuntary intoxication.

{¶7} In denying Mr. Cowell's motion, the trial court stated:

* * *

The charges against [Mr. Cowell] stem from two incidents. On September 20, 2010, Victim C.F. went to [Mr. Cowell's] residence in regard to a desk listed for sale by [Mr. Cowell] and his wife. C.F. reported that [Mr. Cowell] held her at knifepoint and forced her to engage in oral sex. On September 21, 2010, Victim L.H. was attacked by [Mr. Cowell] while she slept in her bed. L.H. believed that [Mr. Cowell] was armed with a knife. L.H. sustained physical injuries during the attack. [Mr. Cowell] lived in close proximity to L.H.

* * *

[Mr. Cowell] entered Windsor-Laurelwood Center for Behavioral Medicine on September 12, 2010. According to his entrance assessment, [Mr. Cowell] reported that he was "extremely violent" and was requesting help with the violence and his cocaine habit. [Mr. Cowell] also reported that he had attempted suicide the previous night.

During the pendency of the case, [Mr. Cowell] underwent evaluations for competency and sanity. Based on those evaluations, [Mr. Cowell] was determined to be competent to stand trial and sane at the time of the offenses.

* * *

Conveniently, [Mr. Cowell] makes no mention in his [m]otion regarding his extensive history of drug use, including cocaine and crack cocaine, along with prescription medication abuse, including Adderall, prior to his actions on September 20-21, 2010. During his psycho sexual evaluation, [Mr. Cowell] stated

he had ingested approximately sixty [tablets] of Adderall between September 20, 2010[,] and September 21, 2010.[2]   In addition, just eight days prior to the first incident, [Mr. Cowell] admitted to having violent tendencies.

On review, the [c]ourt finds that [Mr. Cowell] has not established manifest injustice.  [Mr. Cowell] seems to argue that the only drug he was taking during the two assaults was Abilify.  But [Mr. Cowell] himself admitted to taking sixty Adderall tablets during the period September 20-21, 2010.  [Mr. Cowell] does not state how much Abilify he took during the period September 12-21, 2010, or how the Adderall or any other drugs, legal or illegal, he may have taken would have interacted with the Abilify.

While [Mr. Cowell] indicates that the alleged Abilify side effects became known in 2016, he does not indicate when he became aware of them.  The [c]ourt finds that waiting five years [from 2016] to bring the instant motion is an undue delay.  In addition, the [c]ourt finds that the State would be subjected to extreme prejudice if [Mr. Cowell's] [m]otion was granted, as over ten years has passed since [Mr. Cowell] entered his plea.

The [c]ourt finds [Mr. Cowell] has not presented evidence that could reasonably demonstrate a "clear or openly unjust act" or a fundamental flaw in his plea proceedings, and further finds that [Mr. Cowell] has presented insufficient evidentiary material to entitle him to a hearing on his motion.

{¶8}    Mr. Cowell now appeals, raising five assignments of error for our review.  Because our analysis of Mr. Cowell's assignments of error is identical, we consolidate them below to better facilitate our discussion.

II.

**ASSIGNMENT OF ERROR I**

**THE COURT ERRED BY FAILING TO RECOGNIZE [MR. COWELL] COULD NOT HAVE POSSIBLY KNOWN THE CONCEALED SIDE EFFECTS OF ABILIFY AT THE TIME OF THE CRIME[.]**

**ASSIGNMENT OF ERROR II**

**THE COURT ERRED BY NOT APPLYING [R.C. 2901.21(A)] PROPERLY IN THIS CASE[.]**

---

[2] Mr. Cowell did not file the psycho sexual evaluation as part of the record.

## ASSIGNMENT OF ERROR III

**THE COURT ERRED BY NOT APPLYING [R.C. 2901.22(B)] PROPERLY IN THIS CASE[.]**

## ASSIGNMENT OF ERROR IV

**[MR. COWELL] IS NOT RESPONSIBLE FOR HIS CRIMINAL CONDUCT AS A RESULT OF MENTAL DISEASE OR DEFECT AND DID NOT HAVE THE CAPACITY TO KNOW THE WRONGFULNESS OF HIS CONDUCT OR TO CONFORM HIS CONDUCT TO THE REQUIREMENTS OF THE LAW[.]**

## ASSIGNMENT OF ERROR V

**[MR. COWELL'S] PLEA OF GUILTY WAS NOT MADE KNOWINGLY, INTELLIGENTLY OR VOLUNTARILY DUE TO [MR. COWELL] BEING UNAWARE OF THE CAUSE OF HIS CRIMINAL CONDUCT AND ACTS[.]**

{¶9}    "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." *State v. Moton*, 9th Dist. Summit No. 29982, 2022-Ohio-780, ¶ 5, quoting Crim.R. 32.1.  "Post-sentence relief under Crim.R. 32.1 is only available in extraordinary cases characterized by 'a fundamental flaw in the plea proceedings resulting in a miscarriage of justice.'"  *Moton* at ¶ 5, quoting *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 14.  Further, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice."  *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus.  "The term 'manifest injustice' has been described as a 'clear or openly unjust act.'"  *State v. Sibert*, 9th Dist. Summit No. 29424, 2020-Ohio-3786, ¶ 9, quoting *State v. Ruby*, 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 11, *quoting State ex rel. Schneider* v. *Kreiner*, 83 Ohio St.3d 203, 208 (1998).

{¶10} "[T]he decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court." *State v. Pippert*, 9th Dist. Lorain No. 14CA010698, 2016-Ohio-1352, ¶ 16. Moreover, "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith* at paragraph three of the syllabus.

{¶11} Upon review, we cannot conclude the trial court abused its discretion when it denied Mr. Cowell's post-sentence motion to withdraw his guilty plea. In September 2010, Mr. Cowell was taking prescription medication including Prozac, Adderall, Abilify, and Klonopin, and using cocaine. Mr. Cowell reported being "out of control" a few weeks prior to committing these crimes. Additionally, Mr. Cowell knew, at the time he pleaded guilty to the crimes of aggravated burglary, felonious assault, rape, and kidnapping that he was "blacking out" and experiencing memory issues. Importantly, prior to entering a guilty plea in this matter, Mr. Cowell was twice evaluated for both competency and sanity, and was found to be competent to stand trial and sane at the time he committed these offenses.[3]

{¶12} Indeed, "a defendant may not offer expert psychiatric testimony, unrelated to the insanity defense, to show that, due to mental illness, intoxication, or any other reason, he lacked the mental capacity to form the specific mental state required for a particular crime or degree of crime." *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 69, quoting *State v. Cooey*, 46 Ohio St.3d 20, 26 (1989). Because Mr. Cowell was previously determined to be sane at the time of the offense, Mr. Cowell cannot now offer expert psychiatric testimony to prove he lacked the

---

[3] The record indicates the second evaluation, completed by Dr. James Orlando of Summit Psychological Associates, was done so at Mr. Cowell's own request.

requisite mens rea to commit these crimes or that Abilify *caused* him to involuntarily kidnap, assault, and rape the victims. Further, Mr. Cowell did not provide a credible explanation to the trial court regarding his five-year delay in filing the motion to withdraw his guilty plea in 2021, when warnings regarding the side effects of Abilify became available in 2016.

{¶13} Thus, because Mr. Cowell did not meet his burden of proof regarding the existence of manifest injustice in the plea proceedings, the trial court did not abuse its discretion in denying Mr. Cowell's motion to withdraw his guilty plea. *See Smith* at paragraph one of the syllabus

{¶14} Accordingly, Mr. Cowell's five assignments of error are overruled.

### III.

{¶15} For the foregoing reasons, Mr. Cowell's five assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

BETTY SUTTON
FOR THE COURT


HENSAL, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

JOSHUA R. COWELL, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant
Prosecuting Attorney, for Appellee.