[Cite as *State v. Purk*, 2017-Ohio-7381.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No. 28059 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SCOTT D. PURK | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 13 12 3490 |

DECISION AND JOURNAL ENTRY

Dated: August 30, 2017

CARR, Presiding Judge.

{¶1} Defendant-Appellant, Scott Purk, appeals from his convictions in the Summit County Court of Common Pleas. This Court reverses and remands for further proceedings.

I.

{¶2} On the morning of March 18, 1985, Purk called for emergency assistance and reported that his wife, who was nine months pregnant at the time, had tried to hang herself from the railing surrounding the stairwell in their two-floor apartment. Purk greeted the police when they arrived and directed them to his wife, who was lying on her back at the foot of the stairs. Purk indicated that he had found his wife hanging, had used a knife to cut her down, and had attempted CPR before calling for assistance. The paramedics responded only minutes after his call and were able to restore the victim's heartbeat. They then transported her to a hospital where she received further treatment and her son was delivered via a cesarean birth. Despite

their best efforts, both the victim and her son died. Following an autopsy, the victim's death was ruled a suicide, and the case was closed.

{¶3} In March 2009, Sergeant Ken Mifflin began investigating a house fire that occurred at Purk's home in Stow. During his investigation, Sergeant Mifflin learned that Purk's first wife had died of an apparent suicide, but that there were individuals who found the circumstances surrounding her death suspicious. He then spent the next few years investigating her death, requesting the original police reports and interviewing various individuals. Eventually, he approached the Summit County Medical Examiner's Office to ask for an opinion. After listening to him and viewing the original autopsy photos and results, the Medical Examiner's Office agreed that it was appropriate to exhume the victim's body for the purpose of conducting a second autopsy. The second autopsy occurred in September 2011. As a result of the second autopsy, the victim's death was ruled a homicide.

{¶4} Subsequently, a grand jury indicted Purk on one count of murder and one count of tampering with evidence. Four days before trial, Purk moved to dismiss his indictment on the basis of unconstitutional, pre-indictment delay. The court heard arguments from the parties on the first day of trial, and denied the motion. The matter then immediately proceeded to trial, following which the jury found Purk guilty on both counts. The court sentenced him to a total of 18 years to life in prison to be served consecutively with a sentence Purk was already serving in an unrelated matter.

{¶5} Purk now appeals from his convictions and raises four assignments of error for our review. For ease of analysis, we consolidate several of the assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE 28-YEAR DELAY BETWEEN MARGARET PURK'S DEATH AND
SCOTT PURK'S INDICTMENT DEPRIVED MR. PURK OF DUE PROCESS
OF LAW, AND REQUIRES REVERSAL OF HIS CONVICTIONS.

{¶6} In his first assignment of error, Purk argues that he was denied due process when the trial court denied his motion to dismiss and allowed him to stand trial for conduct he allegedly committed 28 years before his indictment. Because the record reflects that the trial court failed to apply the correct legal standard when considering Purk's motion to dismiss, we reverse and remand this matter for the trial court to apply the correct standard in the first instance.

{¶7} "'In reviewing a decision on a motion to dismiss for pre-indictment delay, we accord deference to the trial court's findings of fact but engage in a de novo review of the trial court's application of those facts to the law.'" *State v. New*, 9th Dist. Lorain No. 12CA010305, 2013-Ohio-3193, ¶ 13, quoting *State v. Kemp*, 8th Dist. Cuyahoga No. 97913, 2013-Ohio-167, ¶ 26. Likewise, "[w]hether the trial court applied the proper law is a legal decision which this Court reviews de novo." *Pelmar USA, L.L.C. v. Mach. Exchange Corp.*, 9th Dist. Summit No. 25947, 2012-Ohio-3787, ¶ 24.

{¶8} "When there has been an unjustifiable delay between the commission of an offense and a defendant's indictment for the offense that results in actual prejudice to that defendant, a defendant's right to due process under Section 16, Art. I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution [has] been violated." *State v. Barnhardt*, 9th Dist. Lorain No. 05CA008706, 2006-Ohio-4531, ¶ 16, citing *State v. Luck*, 15 Ohio St.3d 150 (1984), paragraph two of the syllabus. "Following precedent

established by the Supreme Court of the United States, the Supreme Court of Ohio outlined a burden-shifting test for determining whether a charge must be dismissed due to a pre-indictment delay." *State v. Saxon*, 9th Dist. Lorain No. 09CA009560, 2009-Ohio-6905, ¶ 9. "*Luck* requires first that the defendant produce evidence demonstrating that the delay has caused actual prejudice to his defense. Then, after the defendant has established actual prejudice, the [S]tate must produce evidence of a justifiable reason for the delay." (Internal citations omitted.) *State v. Whiting*, 84 Ohio St.3d 215, 217 (1998). "If the defendant does not produce evidence of actual prejudice, the court's inquiry ends and the burden does not shift to the State to justify the delay." *Saxon* at ¶ 9.

{¶9} "Unlike a Sixth Amendment speedy-trial claim, no presumption of prejudice arises in the due-process context when a pre[-]indictment delay exceeds a particular length of time." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 98.

> The determination of "actual prejudice" involves "a delicate judgment based on the circumstances of each case." *United States v. Marion*, 404 U.S. 307, 325 (1971). In making this assessment, courts are to consider the evidence as it exists when the indictment is filed and the prejudice the defendant will suffer at trial due to the delay.

*State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, ¶ 52. "The burden upon a defendant seeking to prove that pre[-]indictment delay violated due process is 'nearly insurmountable,' especially because proof of prejudice is always speculative." *Adams* at ¶ 100, quoting *United States v. Montgomery*, 491 Fed.Appx. 683, 691 (6th Cir.2012). "Actual prejudice exists when missing evidence or unavailable testimony, identified by the defendant and relevant to the defense, would minimize or eliminate the impact of the [S]tate's evidence and bolster the defense." *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, ¶ 28.

{¶10} Once a defendant establishes actual prejudice as a result of pre-indictment delay, "the prejudice suffered by the defendant must be viewed in light of the [S]tate's reason for the delay." *Luck* at 154.

> [A] delay in the commencement of prosecution can be found to be unjustifiable when the [S]tate's reason for the delay is to intentionally gain a tactical advantage over the defendant * * * or when the [S]tate, through negligence or error in judgment, effectively ceases the active investigation of a case, but later decides to commence prosecution upon the same evidence that was available to it at the time that its active investigation was ceased.

*Id.* at 158. The United States Supreme Court has recognized that "prosecutors do not deviate from 'fundamental conceptions of justice' when they defer seeking indictments until they have probable cause to believe an accused is guilty * * *." *United States v. Lovasco*, 431 U.S. 783, 790-791 (1977), quoting *Mooney v. Holohan*, 294 U.S. 103, 112 (1935).

{¶11} Purk argues that the trial court erred by denying his motion to dismiss because he suffered actual prejudice as a result of the significant pre-indictment delay that occurred here. Specifically, he asserts that he was prejudiced because the following evidence was not available to him at the time of trial: (1) the rope that his wife allegedly used to hang herself; (2) the knife that he allegedly used to cut her down; (3) the original photographs that the police took at the Purks' apartment; (4) records from the hospital where the paramedics brought the victim for treatment; (5) records from a psychiatric clinic at which the victim allegedly sought treatment at some earlier point; and (6) maintenance and leasing records for the Purks' apartment. Purk argues that the foregoing evidence was material to his defense because it would have shown the exact manner in which his wife hung herself and would have allowed comparisons between the rope she used and the impressions on her neck. He further argues that the evidence would have shown whether the rope left impressions on the wooden railing at the apartment or whether the landlord had replaced or repaired the railing after the incident. As to the medical records, he

argues that they would have established whether several of his wife's injuries were the result of resuscitative efforts and whether she had a history of suicidal ideations. Purk contends that the State's delay in bringing charges against him was unjustifiable because its case rested on the same evidence that it had available to it in 1985.

{¶12} Before turning to the merits of Purk's argument, we must first consider whether the trial court applied the correct legal standard in this matter. *See Saxon*, 2009-Ohio-6905, at ¶ 12. *See also Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, at ¶ 29-30. Purk did not file his motion to dismiss until four days before trial. Although the State challenged his motion as untimely, the trial court did not deny it as such.[1] *Compare State v. Ross*, 9th Dist. Lorain No. 09CA009742, 2012-Ohio-536, ¶ 13-15. Instead, the court briefly heard arguments on the motion at the start of trial and denied the motion. Upon review, however, the court neglected to properly apply the test from *State v. Luck*.

{¶13} In denying Purk's motion, the trial court failed to address actual prejudice. The court spoke strictly in terms of equity and "fundamental unfairness," noting that its review was hampered by the fact that it had not yet heard the evidence in the case. The court then went on to discuss unjustifiable delay. The court stated that it was denying the motion to dismiss because the State had brought its charges based on at least some new evidence. The court stated:

> And even though that evidence may not be admissible, there was new evidence, where based upon Mr. Purk's more recent convictions for the arson, it caused the State to take a different look at him. * * * [T]hat's not admissible evidence, but it is evidence to justify the delay in the proceedings of this matter, caused the State to take a different look at him. And as a result, there was an investigation commenced. And as a result of that investigation, an indictment. And we will let the jury ultimately decide whether or not there's evidence sufficient for conviction * * *.

---

[1] We would note that the State has not argued on appeal that it was improper for the court to consider the untimely motion.

Following the court's ruling, the trial commenced.

{¶14} It is apparent from a review of the trial court's reasoning process that it did not determine whether Purk suffered any actual prejudice as a result of the pre-indictment delay that occurred here. As noted, "[t]he determination of 'actual prejudice' involves 'a delicate judgment based on the circumstances of each case.'" *Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, at ¶ 52, quoting *Marion*, 404 U.S. at 325. Under *Luck*, the burden to explain pre-indictment delay only shifts to the State once the defendant has satisfied his burden to establish actual prejudice. *Saxon* at ¶ 9, citing *Whiting*, 84 Ohio St.3d at 217, citing *Luck*, 15 Ohio St.3d at 158. If the defendant fails to do so, "the court's inquiry ends and the burden does not shift to the State * * *." *Saxon* at ¶ 9.

{¶15} Were this Court to conduct an actual prejudice analysis, it would be doing so in the first instance. In doing so, this Court "'would be usurping the role of the trial court and exceeding its authority on appeal.'" *Nationstar Mtg., L.L.C. v. Young*, 9th Dist. Summit No. 27499, 2015-Ohio-3868, ¶ 6, quoting *Carriage Ins. Agency, Inc. v. Ohio Farmers Ins. Co.*, 9th Dist. Summit No. 27259, 2015-Ohio-2617, ¶ 12. Because this Court functions as a reviewing court, "we are not inclined to resolve this matter in the first instance." *State v. Doll*, 9th Dist. Wayne No. 13CA0041, 2015-Ohio-1875, ¶ 14. Rather, we conclude that it is appropriate to remand this matter to the trial court for it to properly apply in the first instance the burden-shifting test set forth in *Luck*. *See Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, at ¶ 29-30; *Saxon* at ¶ 12. Should the court determine on remand that Purk's motion to dismiss lacks merit, his convictions will stand without retrial. Purk's first assignment is sustained strictly on the foregoing basis.

## ASSIGNMENT OF ERROR II

PURK WAS DENIED A FAIR TRIAL WHEN THE STATE WAS ALLOWED TO INTRODUCE EXPERT WITNESS TESTIMONY THAT HAD BEEN BASED ON UNRELIABLE EXPERIMENTS, MERITING REVERSAL.

## ASSIGNMENT OF ERROR III

PURK'S RIGHTS TO A FAIR TRIAL AND DUE PROCESS UNDER THE FEDERAL AND OHIO CONSTITUTIONS WERE VIOLATED WHEN THE STATE WITHHELD POTENTIALLY EXCULPATORY EVIDENCE FROM PURK'S COUNSEL, MERITING REVERSAL OF PURK'S CONVICTIONS.

## ASSIGNMENT OF ERROR IV

PURK'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND MUST BE REVERSED.

{¶16} Based on this Court's resolution of Purk's first assignment of error, his remaining assignments of error are premature, and we decline to address them. *See State v. Purefoy*, 9th Dist. Summit No. 27992, 2017-Ohio-79, ¶ 20.

III.

{¶17} Purk's first assignment of error is sustained for the reasons outlined above, and his remaining assignments of error are not yet ripe for review. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for the trial court to apply the burden-shifting test from *State v. Luck* in the first instance.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JACQUENETTE S. CORGAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.