[Cite as *State v. Walker*, 2019-Ohio-605.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

ANTHONY MAURICE WALKER

    Appellant

C.A. No.     29151

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 1990-05-0801

DECISION AND JOURNAL ENTRY

Dated: February 20, 2019

CALLAHAN, Presiding Judge.

{¶1} Appellant, Anthony Maurice Walker, appeals an order that denied his "Motion for Relief from: 'Dormant Judgment.'" This Court affirms.

I.

{¶2} In 1990, Mr. Walker pleaded guilty to aggravated murder with a death penalty specification, rape, and aggravated burglary. The trial court sentenced him to life in prison with parole eligibility after 30 years for the aggravated murder conviction and to sentences of 10-25 years on each of the other convictions. Mr. Walker did not file a direct appeal. On May 24, 2017, Mr. Walker filed a "Motion to Arrest Judgment, Pursuant to O.R.C. 2947.02(a)(b)," arguing that the trial court had lacked subject matter jurisdiction over his case because no complaint had issued against him. On August 24, 2017, he filed another motion in which he alleged that his sentence was void and that the trial court had not entered a final appealable order. On September 12, 2017, Mr. Walker supplemented his previous motion and filed a "Motion for

Relief from: 'Dormant Judgment.'" In the latter, Mr. Walker reiterated the argument from his sentencing motion, maintained that his sentence for aggravated murder was void because it was indefinite, and argued that because his sentence was void, it constituted a dormant judgment.

{¶3} The trial court denied his motions related to sentencing, and Mr. Walker appealed. This Court noted that the trial court had not yet resolved his "Motion for Relief from: 'Dormant Judgment'" and dismissed Mr. Walker's appeal to the extent that he attempted to argue the merits of that motion. *State v. Walker*, 9th Dist. Summit No. 28836, 2018-Ohio-1146, ¶ 6-8. This Court concluded that Mr. Walker's arguments related to his sentence were barred by res judicata because he failed to challenge his sentence by pursuing a direct appeal. *Id*. at ¶ 15.

{¶4} On April 16, 2018, the trial court denied Mr. Walker's two pending motions: the "Motion to Arrest Judgment" and the "Motion for Relief from: 'Dormant Judgment.'" Mr. Walker filed this appeal.[1]

II.

**ASSIGNMENT OF ERROR NO. 1**

WHERE A SENTENCING JOURNAL ENTRY IMPOSES DISTINCTLY CONFLICTED SENTENCE[S] FOR THE SAME OFFENSE, DUE PROCESS IS OFFENDED; THE SENTENCE IS 'DECLARED VOID' BY OPERATION OF LAW; AND IT MUST BE VACATED AS A MATTER OF LAW THEREFORE.

---

[1] We note at the outset that at first glance, it appears that Mr. Walker's appeal may not have been timely filed. The trial court's docket does not indicate that Mr. Walker was served with notice of the trial court's order, as required by Civ.R. 58(B), however. Consequently, even though Mr. Walker filed his appeal more than thirty days after the order was journalized, his time for filing a notice of appeal has yet to commence. *See State v. Herzberger*, 9th Dist. Lorain No. 16CA010899, 2017-Ohio-491, ¶ 7 (concluding that the requirements of Civ.R. 58(B) apply to motions that are construed as petitions for postconviction relief).

{¶5} In his first assignment of error, Mr. Walker argues that by sentencing him to prison for "the remainder of his natural life, with parole eligibility after Thirty (30) Full Years," the trial court imposed an inconsistent sentence. This Court rejected this argument in Mr. Walker's previous appeal, and his first assignment of error is overruled on that basis. *See Walker* at ¶ 13-14.

### ASSIGNMENT OF ERROR NO. 2

WHERE A JUDGMENT HAS NOT BEEN EXECUTED WITHIN THE TIME LIMITATION PRESCRIBED IN: O.R.C. SECTION 2325.15, I.E., 'WITHIN FIVE YEARS,' SUCH JUDGMENT (WITH RESPECT TO THE CORRELATIVE COURT COSTS, FINES, AND FEES) IS A 'DORMANT JUDGMENT,' FOR WANT OF EXECUTION AND ENFORCEABILITY, AND MAY NOT BE REVIVED A[B]SENT A SHOW CAUSE HEARING PURSUANT TO THE PROVISIONS OF *STATE V. MAGRUDER*, 2008 OHIO APP. LEXIS 1827[.]

{¶6} Mr. Walker's second assignment of error argues that because his sentence is void for the reasons mentioned in his first assignment of error, it follows that the judgment for costs of his prosecution is dormant.

{¶7} This Court must first consider the nature of the motion at issue in this appeal. R.C. 2953.21(A)(1)(a) provides:

Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

Faced with an irregular motion, this Court may construe the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. A petition for postconviction relief can be

filed regardless of whether the defendant pursued a direct appeal. *See* R.C. 2953.21(A)(2) (noting that a petition for postconviction relief must be filed "no later than three hundred sixty-five days after the expiration of the time for filing the [direct] appeal" when no appeal is taken.). It follows that when a motion claims a denial of constitutional rights, seeks recognition that the judgment is void, and requests that the judgment and sentence be vacated, the motion may be construed as a petition for postconviction relief regardless of whether the defendant pursued a direct appeal. *See*, *e.g.*, *State v. Morales*, 9th Dist. Summit No. 27765, 2016-Ohio-3313, ¶ 8; *State v. Copley*, 9th Dist. Medina No. 2738-M, 1998 WL 312526, *1 (June 10, 1998). *Compare State v. Davis*, 9th Dist. Medina No. 15CA0004-M, 2015-Ohio-5182, ¶ 6, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). Mr. Walker's September 12, 2017, "Motion for Relief from: 'Dormant Judgment'" meets these requirements and is properly construed as a petition for postconviction relief.

{¶8}  R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. A defendant who was sentenced prior to the amendment of Ohio's postconviction act, however, could file a petition for postconviction relief within one year of the effective date of the amendment, or by September 21, 1996. *See* 1995 Am.Sub.S.B. No. 4, Section 3. A trial court may only entertain an untimely petition for postconviction relief when two thresholds have been met:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right [and]

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A).

{¶9} Mr. Walker was sentenced in 1990—five years before the amendment of Ohio's postconviction statute. *Compare State v. Swihart*, 9th Dist. Medina No. 06CA0091-M, 2007-Ohio-763, ¶ 6. Consequently, Mr. Walker was permitted to file a petition for postconviction relief within one year of the effective date of the amendment, or by September 21, 1996. *See* 1995 Am.Sub.S.B. No. 4, Section 3; *Swihart* at ¶ 6. His "Motion for Relief from: 'Dormant Judgment'" was filed almost twenty-one years after that date and was "clearly untimely." *See Swihart* at ¶ 7. His motion did not explain why he was unavoidably prevented from discovering the facts upon which it was based, and it did not identify a retroactive right that has been recognized by the United States Supreme Court. *See Morales* at ¶ 8. Accordingly, the trial court did not err by denying Mr. Walker's "Motion for Relief from: 'Dormant Judgment.'"

{¶10} Mr. Walker's second assignment of error is overruled.

III.

{¶11} Mr. Walker's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.


APPEARANCES:

ANTHONY M. WALKER, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.