[Cite as *State v. Moton*, 2022-Ohio-780.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.  29982 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL W. MOTON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.  CR 01 05 1080 |

DECISION AND JOURNAL ENTRY

Dated: March 16, 2022

CALLAHAN, Judge.

{¶1}  Appellant, Michael W. Moton, appeals an order of the Summit County Court of Common Pleas that denied his postconviction motions.  This Court affirms.

I.

{¶2}  On June 13, 2001, after being bound over from juvenile court,[1] Mr. Moton pleaded guilty to one count of aggravated robbery.  The trial court sentenced him to a four-year prison term.  Mr. Moton did not file a direct appeal at that time.  In 2008, Mr. Moton requested leave to file a delayed appeal, but because he did not comply with the procedural requirements of App.R. 5(A), this Court denied leave.  He also filed a motion to withdraw his guilty plea on October 28, 2008.  The trial court denied that motion on November 10, 2008.

---

[1] Judge Judy Hunter, who presided over the original juvenile court case, has since left office.

{¶3} In 2020, Mr. Moton filed a number of other motions in the trial court: a "Motion To Dismiss For Lack Of Subject-Matter Jurisdiction[,]" a second motion to withdraw his guilty plea pursuant to Crim.R. 32.1, and three motions related to discovery and the contents of the record. On January 14, 2021, the trial court denied each of Mr. Moton's motions. On May 6, 2021, Mr. Moton filed a notice of appeal and a motion for leave to perfect a delayed appeal. This Court granted leave with respect to the denial of his motion to withdraw his guilty plea. With respect to the denial of his other motions, this Court noted that a delayed appeal is not permitted from an order denying postconviction relief but observed that service of the trial court's January 14, 2021, judgment was not noted on docket in accordance with Civ.R. 58(B), tolling the time for filing a notice of appeal under App.R. 4(A). *See State v. Walker*, 9th Dist. Summit No. 29151, 2019-Ohio-605, ¶ 4, fn. 1.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN DENYING THE MOTION TO WITHDRAW THE GUILTY PLEA[.]

{¶4} In his first assignment of error, Mr. Moton argues that the trial court abused its discretion by denying his post-sentence motion to withdraw his guilty plea. This Court does not agree.

{¶5} "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. Post-sentence relief under Crim.R. 32.1 is only available in extraordinary cases characterized by "a fundamental flaw in the plea proceedings resulting in a miscarriage of justice." *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 14. Res judicata bars the assertion of claims in a post-sentence motion

under Crim.R. 32.1 when those claims were or could have been raised on direct appeal. *Straley* at ¶ 15, 23; *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. This Court reviews a decision to grant or deny a motion to withdraw a plea for an abuse of discretion. *See State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus.

{¶6} In support of his motion to withdraw his guilty plea, Mr. Moton argued that the bindover proceedings in juvenile court were flawed. Mr. Moton could have raised this argument in a direct appeal, so res judicata barred him from raising it in a Crim.R. 32.1 motion. *See generally Straley* at ¶ 23, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, paragraph one of the syllabus; *Ketterer* at ¶ 59-60. *See also State ex rel. McCuller v. Cuyahoga Cty. Court of Common Pleas*, 143 Ohio St.3d 130, 2015-Ohio-1563, ¶ 17; *State v. Jones*, 8th Dist. Cuyahoga No. 107743, 2019-Ohio-2233, ¶ 23; *State v. McGowan*, 11th Dist. Ashtabula No. 2016-A-0052, 2017-Ohio-7124, ¶ 20. Accordingly, the trial court did not abuse its discretion by denying his motion to withdraw his guilty plea.

{¶7} Mr. Moton's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION[.]

{¶8} Mr. Moton's second assignment of error argues that the trial court erred by denying his "Motion To Dismiss For Lack Of Subject-Matter Jurisdiction[.]" This Court does not agree.

{¶9} This Court may construe an irregular motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. Because a defendant can file a petition for postconviction relief without pursuing a direct appeal, "[i]t follows that when a motion claims a denial of constitutional rights, seeks recognition that the judgment is void, and requests that the judgment

and sentence be vacated, the motion may be construed as a petition for postconviction relief regardless of whether the defendant pursued a direct appeal." *State v. Walker*, 9th Dist. Summit No. 29151, 2019-Ohio-605, ¶ 7. Mr. Moton's motion is properly characterized as a petition for postconviction relief.

{¶10} R.C. 2953.21(A)(2)[2] provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. Mr. Moton's sentencing entry was dated July 13, 2001, but he filed his petition on July 10, 2020, well after the deadline passed. "R.C. 2953.23(A) permits a prisoner to file an untimely * * * petition for postconviction relief only under specific, limited circumstances." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 22. Mr. Moton's petition did not address the statutory circumstances that would permit consideration of an untimely petition. *See generally* R.C. 2953.23(A)(1)(a)/(b).

{¶11} In addition, as the trial court noted, Mr. Moton's petition reiterated the arguments set forth in his motion to withdraw his guilty plea related to bindover proceedings. As noted above, those arguments could have been raised in a direct appeal from Mr. Moton's conviction. *See State ex rel. McCuller*, 143 Ohio St.3d 130, 2015-Ohio-1563, at ¶ 17; *Jones*, 2019-Ohio-2233, at ¶ 23; *McGowan*, 2017-Ohio-7124, at ¶ 20. "Postconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). Accordingly, res judicata also barred the claims raised in Mr. Moton's petition for postconviction relief.

---

[2] Mr. Moton filed his petition on July 10, 2020, so the versions of the postconviction statutes effective on that date apply in this case. *See State v. Stephens*, 9th Dist. Summit No. 27957, 2016-Ohio-4942, ¶ 6. *See also State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶ 11 (explaining that "the triggering event is the filing of the postconviction petition, which determines the applicable version of the statute.").

**{¶12}** Mr. Moton's second assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 3

### INEFFECTIVE ASSISTANCE OF COUNSEL

**{¶13}** In his third assignment of error, Mr. Moton appears to challenge the trial court's denial of both his motion to withdraw his guilty plea and his petition for postconviction relief to the extent that they raised ineffective assistance of counsel. As noted above, Mr. Moton's petition for postconviction relief was untimely so, with respect to his petition for postconviction relief, his third assignment of error is overruled.

**{¶14}** "'Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1.'" *State v. Graham*, 9th Dist. Summit No. 28153, 2017-Ohio-908, ¶ 8, quoting *State v. Adames*, 5th Dist. Licking No. 16-CA-45, 2017-Ohio-587, ¶ 9, citing *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, ¶ 18 (10th Dist.). To the extent that Mr. Moton asserted an ineffective-assistance argument in his Crim.R. 32.1 motion, that argument could have been raised on direct appeal and is barred by res judicata. *See generally Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, at ¶ 15, 23. *See also State v. Guy*, 9th Dist. Summit No. 29496, 2020-Ohio-3011, ¶ 24-25; *State v. Frye*, 10th Dist. Franklin Nos. 14AP-988, 14AP-989, 2015-Ohio-3012, ¶ 13.

**{¶15}** Mr. Moton's third assignment of error is overruled.

6

III.

**{¶16}** Mr. Moton's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MICHAEL W. MOTON, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.