[Cite as *State v. McClellan*, 2023-Ohio-2152.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 30304 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KEVIN MCCLELLAN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 19 05 1678 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2023

FLAGG LANZINGER, Judge

{¶1} Appellant, Kevin McClellan, appeals from the decision of the Summit County Court of Common Pleas, denying a motion to withdraw his guilty plea. For the reasons that follow, this Court affirms.

I.

{¶2} On May 17, 2019, the Summit County Grand Jury indicted McClellan for one count of rape, in violation of R.C. 2907.02(A)(1), a felony of the first degree, and two counts of sexual battery, in violation of R.C. 2907.03(A)(3), each a felony of the third degree. The incident prompting the indictment occurred on May 15, 1999, twenty years earlier.

{¶3} On June 3, 2021, McClellan pled guilty to one count of rape. He executed a written plea of guilty for rape, in violation of R.C. 2907.02(A)(1). As part of the plea agreement, the State dismissed the two counts of sexual battery. McClellan was sentenced to four years in prison.

{¶4} On December 10, 2021, McClellan filed a post sentence motion to withdraw his guilty plea. Within his motion to withdraw his guilty plea, he argued ineffective assistance of counsel because previous counsel failed to file a motion to dismiss for preindictment delay. The motion to withdraw also claimed ineffective assistance of counsel for not obtaining complete discovery. McClellan claimed specific evidence was unavailable to him during discovery and requested an evidentiary hearing to further investigate missing evidence and demonstrate actual prejudice. McClellan provided an eight-page document in support of his motion to withdraw. The first page is a letter from McClellan's treating physician outlining his various medical conditions but not including memory loss. That page also includes a request stating, "[p]lease allow the use of a BPAP at the setting of 25/19cm H20 with F&P Vitera/ Large mask for his Obstructive sleep apnea." The remaining seven pages are a summary of McClellan's medical history. Nothing was provided to substantiate the claim that the alleged specific missing evidence was unavailable.

{¶5} On March 17, 2022, without an evidentiary hearing, the trial court denied McClellan's motion to withdraw his plea. McClellan has appealed raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY NOT GRANTING KEVIN'S MOTION TO WITHDRAW HIS PLEA WITHOUT A HEARING[.]

{¶6} In his sole assignment of error, McClellan argues that the trial court erred when it denied his motion to withdraw his plea without a hearing. McClellan argues that he received ineffective assistance of counsel because (1) his trial counsel failed to file a motion to dismiss based upon pre-indictment delay, and (2) his trial counsel did not have all discovery materials. McClellan argues that but for the ineffective assistance of counsel, he would not have pleaded

guilty. McClellan argues he has been prejudiced and as a result his plea should be withdrawn. We disagree.

**{¶7}** "An appellate court reviews a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion." *State v. West*, 9th Dist. Lorain No. 17CA011110, 2018-Ohio-1176, ¶ 6, quoting *State v. Robinson*, 9th Dist. Summit No. 28065, 2016-Ohio-8444, ¶ 9. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶8}** "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." (Alteration sic.) *State v. Moton*, 9th Dist. Summit No. 29982, 2022-Ohio-780, ¶ 5, quoting Crim.R. 32.1. "Post-sentence relief under Crim.R. 32.1 is only available in extraordinary cases characterized by 'a fundamental flaw in the plea proceedings resulting in a miscarriage of justice.'" *Moton* at ¶ 5, quoting *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 14.

**{¶9}** "One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion." *State v. Xie*, 62 Ohio St.3d 521, 526 (1992), quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978). "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. "The term 'manifest injustice' has been described as a 'clear or openly unjust act.'" *State v. Sibert*, 9th Dist. Summit No. 29424, 2020-Ohio-3786, ¶ 9, quoting *State v. Ruby*, 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 11.

{¶10} "An evidentiary hearing on a post-sentence motion to withdraw a guilty plea is not required if the 'record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice.'" *State v. Razo*, 9th Dist. Lorain No. 05CA008639, 2005-Ohio-3793, ¶ 20, quoting *State v. Russ*, 8th Dist. Cuyahoga No. 81580, 2003-Ohio-1001, ¶ 12.

{¶11} "Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1." *State v. Graham*, 9th Dist. Summit No. 28153, 2017-Ohio-908, ¶ 8, quoting *State v. Adames*, 5th Dist. Licking No. 16-CA-45, 2017-Ohio-587, ¶ 9. In addition, "[t]his Court has held that [a] guilty plea is not voluntary if it is the result of ineffective assistance of counsel." (Internal quotations and citation omitted.) *State v. Bravo*, 9th Dist. Summit No. 27881, 2017-Ohio-272, ¶ 7.

{¶12} "This Court uses a two-step process as set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), to determine whether a defendant's right to the effective assistance of counsel has been violated." *Bravo* at ¶ 8.

> When the *Strickland* test is applied to guilty pleas, the defendant must first show that counsel's performance was deficient. Next, the defendant must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty. [T]he mere fact that, if not for the alleged ineffective assistance, the defendant would not have entered the guilty plea, is not sufficient to establish the necessary connection between the ineffective assistance and the plea; instead, the ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.

(Internal quotations and citations omitted.) *Bravo* at ¶ 9, quoting *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 17 (9th Dist.).

{¶13} "The Ohio Supreme Court has recognized that a court need not analyze both prongs of the *Strickland* test, where the issue may be disposed upon consideration of one of the factors." *Bravo* at ¶ 10. This court need not address both elements in any particular order-if we find that

there was no prejudice to McClellan by defense counsel's acts, we need not address whether defense counsel's acts were actually deficient. *See State v. Bradley*, 42 Ohio St.3d 136, 141 (1989).

**{¶14}** Where a defendant claims his trial counsel was ineffective for failing to file a motion, the defendant must prove there was a valid basis for the relief sought in the unfiled motion, and that there was a reasonable probability the motion would have been granted, such that it would have affected the outcome of the defendant's proceedings. *See, e.g.*, *State v. Atkinson*, 9th Dist. Lorain No. 19CA011466, 2020-Ohio-315, ¶ 16 (motion to suppress evidence); *State v. Payne*, 9th Dist. Lorain No. 18CA011383, 2019-Ohio-4218, ¶ 25 (same); *State v. Phillips*, 9th Dist. Summit No. 27661, 2016-Ohio-4687, ¶ 5 (motion to dismiss on speedy trial grounds); *State v. Emich*, 9th Dist. Medina 17CA0039-M, 2018-Ohio-627, ¶ 18 (motion to dismiss).

**{¶15}** "[N]o presumption of prejudice arises in the due-process context when a pre[-]indictment delay exceeds a particular length of time." *State v. Purk*, 9th Dist. Summit 28059, 2017-Ohio-7381, ¶ 9, quoting *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 98. "The burden upon a defendant seeking to prove that pre[-]indictment delay violated due process is 'nearly insurmountable,' especially because proof of prejudice is always speculative." *Adams* at ¶ 100, quoting *United States v. Montgomery*, 491 Fed.Appx. 683, 691 (6th Cir.2012). "Actual prejudice exists when missing evidence or unavailable testimony, identified by the defendant and relevant to the defense, would minimize or eliminate the impact of the [S]tate's evidence and bolster the defense." *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, ¶ 28.

**{¶16}** McClellan asserts that he received ineffective assistance of counsel. However, McClellan, as the defendant seeking to withdraw a guilty plea after the imposition of sentence, has the burden of establishing the existence of manifest injustice. To prevail, McClellan must submit evidentiary documents sufficient to demonstrate a manifest injustice. An evidentiary hearing on a

post-sentence motion to withdraw a guilty plea is not required if McClellan failed to submit sufficient evidentiary documents demonstrating manifest injustice.

{¶17} First, McClellan argues he received ineffective assistance of counsel because his trial counsel failed to file a motion to dismiss based upon preindictment delay. McClellan must prove there was a valid basis for the relief sought in the unfiled motion, and that there was a reasonable probability the motion would be granted. While he cites other cases where motions to dismiss for preindictment delay were successful, his arguments are simply speculative. McClellan submits no evidence or affidavit which points to missing evidence or unavailable testimony that would minimize or eliminate the impact of the State's evidence or bolster the defense. McClellan has not adequately demonstrated that, if he had filed a timely motion to dismiss, it would have been granted.

{¶18} Even assuming that trial counsel's performance was deficient, in McClellan's motion to the trial court, he did not address the second prong of the *Strickland* test. McClellan needed to show that there was a reasonable probability that but for counsel's errors, he would not have pleaded guilty. McClellan failed to demonstrate that any alleged deficiency precluded him from entering the plea knowingly and voluntarily. *See Bravo* at ¶ 9. We cannot say that McClellan has met his burden to demonstrate that he received ineffective assistance.

{¶19} Next, McClellan argues he received ineffective assistance of counsel because his trial counsel did not have all the discovery materials. Specifically, McClellan alleges evidence was missing, including audio of the 911 call made by the alleged victim against the defendant and several photos taken of the scene. McClellan further alleges a detective was unavailable due to poor health. McClellan provided no evidentiary documents to support his argument that all discovery materials were not obtained nor provided evidence of efforts to obtain those materials.

The only evidentiary documents provided to demonstrate an alleged manifest injustice consisted of an eight-page document. The first page was a letter from a treating physician and the remaining seven pages were a summary of McClellan's medical history. The evidence submitted related to McClellan's prior claim of memory loss and competency but did not reference the alleged discovery failings. Additionally, McClellan failed to assert how his counsel's alleged errors in obtaining complete discovery affected his decision to enter a guilty plea. The limited evidence provided by McClellan in support of his motion was insufficient to establish prejudice.

{¶20} McClellan failed to submit evidentiary documents in support of his motion to withdraw his plea sufficient to demonstrate a manifest injustice. As a result of his failure to meet his burden, no hearing was necessary. This court cannot conclude that McClellan's case is an extraordinary case characterized by "a fundamental flaw in the plea proceedings resulting in a miscarriage of justice." *Moton*, 2022-Ohio-780, at ¶ 5, quoting *Straley*, 2019-Ohio-5206, at ¶ 14. Additionally, while ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea, McClellan's limited evidentiary documents provided were insufficient to demonstrate prejudice or to demonstrate manifest injustice. Given that this was a post-sentence motion to withdraw a guilty plea and given that the evidentiary documents were insufficient to demonstrate manifest injustice, no hearing was necessary. *See Razo* at 20. We cannot say that the trial court abused its discretion in denying McClellan's motion to withdraw his guilty plea without a hearing.

{¶21} McClellan's sole assignment of error is overruled.

### III.

{¶22} McClellan's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

WESLEY C. BUCHANAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.