[Cite as *State v. Cottrell*, 2026-Ohio-2228.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 2025AP0039 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHAD COTTRELL | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2024 CRC-I 000138 |

DECISION AND JOURNAL ENTRY

Dated: June 15, 2026

STEVENSON, Judge.

{¶1} Defendant-Appellant Chad Wesley Cottrell appeals from the judgment of the Wayne County Court of Common Pleas denying his post-sentence motion to withdraw his no contest pleas. We affirm.

I.

{¶2} The Wayne County Grand Jury indicted Mr. Cottrell in April 2024 with four counts of attempted aggravated arson in violation of R.C. 2923.02 and R.C. 2909.02(A)(1), felonies of the second degree, involving four separate victims, and one count of attempted arson in violation of R.C. 2923.02 and R.C. 2909.02(A)(2), a felony of the third degree. He pleaded not guilty at arraignment and counsel was appointed to represent him. Mr. Cottrell was held without bond and a pretrial was set.

{¶3} Counsel for Mr. Cottrell moved for a competency evaluation after the arraignment. The trial court found in September 2024 that Mr. Cottrell was "not presently competent to stand

trial but that he may be restored to competency within the time period required under the law." Mr. Cottrell was "committed to the Ohio Department of Mental Health and Addiction Services for restoration treatment services[.]" Mr. Cottrell was determined to be "restored and competent to stand trial" on February 3, 2025.

{¶4} Mr. Cottrell appeared before the trial court with counsel for a pretrial conference on February 26, 2025. The State informed the trial court at this pretrial that Mr. Cottrell would "be pleading guilty to all the charges in the indictment" and that "there will be no agreement on sentencing[.]" Defense counsel confirmed this representation and Mr. Cottrell signed a written plea form acknowledging that he was entering "a Plea of Guilty/No Contest with full knowledge of the other alternatives available to me." The trial court then inquired as follows:

THE COURT: So, Mr. Cottrell, it's your desire to enter into this plea agreement here today, is that correct?

MR. COTTRELL:    Yes, Your Honor.

THE COURT: All right, I'm going to ask you some questions to determine, to make sure that you understand everything that is happening here. . . .

. . .

THE COURT: So, you reviewed the plea form, were you able to read that?

MR. COTTRELL:    Yes.

THE COURT: Okay, and you signed it?

MR. COTTRELL:    Yes, Your Honor.

. . .

THE COURT: You're represented by Mr. Pyle, do you feel that you've had a fair and reasonable opportunity to talk to Mr. Pyle about all aspects of your case?

MR. COTTRELL:    Yes, Your Honor.

THE COURT: Are you satisfied with his representation?

MR. COTTRELL:     Yes, Your Honor.

{¶5}    Mr. Cottrell acknowledged that he understood the meaning of a no contest plea as well as the maximum penalties for each count of the indictment. The court read each charge to Mr. Cottrell, and he entered a no contest plea to all five counts of the indictment. The trial court found Mr. Cottrell guilty of all five counts, revoked bond, and ordered a presentence investigation.

{¶6}    The trial court held a sentencing hearing on April 9, 2025. Mr. Cottrell was present for the hearing with his counsel. Mr. Cottrell did not raise the issue of his plea or any issues with counsel. The trial court sentenced Mr. Cottrell on Count One, attempted aggravated arson in violation of R.C. 2923.02 and R.C. 2909.02(A)(1), a felony of the second degree, to a prison term of four to six years, with the other counts merging with Count One, with credit for 399 days served, plus time served while awaiting transport. The court informed Mr. Cottrell of post-release control and ordered that he register in the arson registry, explaining how to complete the registration process and the repercussions if he failed to register. Fines and costs were waived, and Mr. Cottrell was advised of his appellate rights.

{¶7}    Mr. Cottrell, through counsel, moved to withdraw his no contest pleas[1] pursuant to Crim.R. 32.1 on April 18, 2025. Mr. Cottrell argued that he should be allowed to withdraw his pleas "because he was not properly advised that he could assert the 'Abandonment' defense" and on the basis that "he was not properly advised that he could withdraw his pleas prior to his sentencing hearing."

---

[1] Mr. Cottrell's motion was titled "Motion to Withdraw His Guilty Pleas." The record is clear that he had entered a no contest plea to each charge in the indictment and this Court will, accordingly, refer to the no contest pleas that were entered in this case.

{¶8}     A hearing on Mr. Cottrell's motion to withdraw his no contest pleas was held before the trial court on May 30, 2025. Defense counsel informed the court at this hearing: "I believe that I really overcame [Mr. Cottrell] or his desire to go to trial and assert the abandonment defense[.]" Counsel said that he had relied on a factually similar case when advising Mr. Cottrell and that he had "pressed [Mr. Cottrell] with that [case] and I think [Mr. Cottrell] just kind of said, well, you know, whatever you think[.]"

{¶9}     Mr. Cottrell informed the trial court that he was not going to testify in support of his motion to withdraw his no contest pleas. The following colloquy then occurred:

THE COURT: [Defense counsel], do you want him to testify?

[DEFENSE COUNSEL]: I want to go along with his choice.

MR. COTTRELL: No, you know, I'll just go with my lawyer, I'm not going to testify.

THE COURT: You're not going to testify?

MR. COTTRELL: No.

Mr. Cottrell did not call any witnesses to testify on his behalf.

{¶10}   Victim T.B. testified at the hearing on Mr. Cottrell's motion to withdraw his no contest pleas. T.B. testified that she "was in the kitchen" on the day of the incident when she saw Mr. Cottrell with "a gasoline can in his hand." She testified that she saw Mr. Cottrell go "off [her] porch and around the house" before "throwing the gas can" towards her garage. She then observed Mr. Cottrell come toward the house with a lighter to "light it" on fire. T.M. "slam[med] the door as hard as [she] could to try to startle" Mr. Cottrell. T.M.'s brother was working in the garage at the time and he "came out after him." T.M. testified that it took her "brother swinging at [Mr. Cottrell] several times for him to get his bike and back away from the house." Mr. Cottrell's actions were captured on T.M.'s security camera and the video was admitted into evidence at the oral

hearing. This video was also played at a preliminary hearing that was held before the indictment in this case and at which Mr. Cottrell was present.

{¶11} The trial court denied Mr. Cottrell's motion to withdraw his no contest pleas, finding that he had failed to demonstrate manifest injustice. Mr. Cottrell appeals, asserting one assignment of error for this Court's review.

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING [MR. COTTRELL] THE OPPORTUNITY [TO] WITHDRAW HIS PLEA[.]**

{¶12} In his sole assignment of error, Mr. Cottrell contends that the trial court abused its discretion in denying his post-sentence motion to withdraw his no contest pleas. Specifically, Mr. Cottrell argues his trial counsel was ineffective for pressuring him into taking the plea and advising him that there could not be an effective affirmative defense of abandonment.

{¶13} Mr. Cottrell's motion to withdraw his no contest pleas was filed pursuant to Crim.R. 32.1. Pursuant to Crim.R. 32.1, a post-sentence motion to withdraw a no contest plea "may be made . . . to correct manifest injustice[.]" "Post-sentence relief under Crim.R. 32.1 is only available in extraordinary cases characterized by 'a fundamental flaw in the plea proceedings resulting in a miscarriage of justice.'" *State v. Moton*, 2022-Ohio-780, ¶ 5 (9th Dist.), quoting *State v. Straley*, 2019-Ohio-5206, ¶ 14. Further, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. "The term 'manifest injustice' has been described as a 'clear or openly unjust act.'" *State v. Sibert*, 2020-Ohio-3786, ¶ 9 (9th Dist.), quoting *State v. Ruby*, 2007-Ohio-244, ¶ 11 (9th Dist.), quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1988).

{¶14} It is within the trial court's sound discretion to grant a motion to withdraw a plea. *Smith at* paragraph two of the syllabus. An appellate court reviews a trial court's order denying a motion to withdraw a guilty or no contest plea for an abuse of discretion. *State v. Manning*, 2024-Ohio-1964, ¶ 7 (9th Dist.), quoting *State v. Robinson*, 2016-Ohio-8444, ¶ 9 (9th Dist.). "An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." *Manning* at ¶ 7, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An appellate court may not substitute its judgment for that of the trial court when reviewing a matter pursuant to this standard. *Berk v. Matthews,* 53 Ohio St.3d 161, 169 (1990).

{¶15} "Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1." *State v. Graham*, 2017-Ohio-908, ¶ 8 (9th Dist.), quoting *State v. Adames*, 2017-Ohio-587, ¶ 9 (5th Dist.). "A defendant who argues that a guilty [or no contest] plea should be withdrawn because of ineffective assistance of counsel must demonstrate that counsel's performance was actually deficient and that the defendant was prejudiced by it." *State v. Young*, 2015-Ohio-4973, ¶ 6 (9th Dist.), citing *State v. Xie*, 62 Ohio St.3d 521, 524 (1992). "With respect to the deficient performance of counsel, the defendant must establish deficiency in the performance of counsel 'so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Id.*, quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The defendant must also demonstrate prejudice in connection with the guilty [or no contest] plea itself." *Id.*, citing *Hill v. Lockhart*, 474 U.S. 52, 58-59. (1985). "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty [or no contest] and would have insisted on going to trial." *Id.*, quoting *Lockhart* at 59.

{¶16} Mr. Cottrell argues that he should have been allowed to withdraw his no contest pleas because his trial counsel was ineffective. He contends that "his counsel coerced him and overcame his will in pressuring him to take the plea, and that his counsel advised him that there could not be an affirmative defense of abandonment." The State argues that Mr. Cottrell has not met his burden of establishing a manifest injustice and that he was represented by competent counsel.

{¶17} A review of the record indicates multiple reasons Mr. Cottrell's arguments fail. First, there is no evidence of coercion in the record. Mr. Cottrell indicates on appeal that he "was overcome by the advice and counsel of defense counsel to take [the] plea." The record is clear that the trial court addressed Mr. Cottrell at the change of plea hearing. Mr. Cottrell confirmed that he was not under the influence of any substances or conditions that affected his understanding of the proceeding; that he had a fair and reasonable opportunity to talk to his attorney about all aspects of his case; and that he was satisfied with the representation of his attorney. Before Mr. Cottrell pleaded no contest, the trial court informed him of the meaning and consequences of his plea. *See* Crim.R. 11(B)(2). Mr. Cottrell said that he understood the meaning and implications of a no contest plea.

{¶18} The trial court gave Mr. Cottrell an opportunity to speak at sentencing. Mr. Cottrell apologized for his actions, stated that he had "acted out of anger[,]" and maintained that he did not mean to harm anyone except for T.M.'s brother. When the trial court asked Mr. Cottrell if he had anything else to say at sentencing, Mr. Cottrell responded "[t]hat's it." Mr. Cottrell did not make any statements concerning his trial counsel, concerns about his no contest pleas, or belief that the abandonment defense may have applied.

**{¶19}** Mr. Cottrel was also given an opportunity to speak at the oral hearing on his motion to withdraw his no contest pleas. He informed the court at this hearing that he was "not going to testify." Again, Mr. Cottrell was given an opportunity to address the trial court and to explain how he was allegedly coerced into entering no contest pleas, yet he failed to do so.

**{¶20}** Further, the plea form and transcript of the plea hearing support that Mr. Cottrell's plea was knowing, voluntary, and intelligent, and that there was not "'a fundamental flaw in the plea proceedings resulting in a miscarriage of justice.'" *Moton*, 2022-Ohio-780, at ¶ 5 (9th Dist.), quoting *Straley*, 2019-Ohio-5206, at ¶ 14. Mr. Cottrell represented in the plea form that no threats or promises had been made to him; he was pleading no contest "freely and voluntarily[;]" he "had an opportunity to thoroughly discuss [his] case with [his] lawyer" who had "effectively and diligently represented [him][;]" and it was "solely [his] own choice to enter a Plea of . . . No Contest with full knowledge of the other alternatives available to [him]." He represented during the plea colloquy that he had read, understood, and signed the plea form; it was his desire to enter into the plea agreement; he was not under the influence of any medications, substances, or mental or physical conditions that affected his understanding; he had an opportunity to talk to his attorney about all aspects of the case; and he was satisfied with his legal representation. The plea form and transcript in this matter reflects Mr. Cottrell discussed the details of the plea agreement with his attorney to his satisfaction and the trial court complied with Crim.R. 11. The record reflects that "a knowingly, voluntary and intelligent plea [was] made in open court." *State v. Walton-Kirkendoll*, 2025-Ohio-1006, ¶ 15 (9th Dist.) (no manifest injustice where the plea form and transcript of the plea established that the trial court complied with Crim.R. 11 and reflected that a "knowing, voluntary and intelligent plea [was] made in open court.").

{¶21}   Mr. Cottrell argues that counsel was ineffective for "advis[ing] him that there could not be an affirmative defense of abandonment." He presents no argument, however, that there was a valid basis for an abandonment defense, or that there was a reasonable probability that this defense would have been successful. His argument is purely speculative. *See State v. McClellan*, 2023-Ohio-2152, ¶ 17 (9th Dist.) (no manifest injustice where the appellant failed to demonstrate on appeal that there was a "valid basis" for a motion to dismiss and a "reasonable probability" that the trial court would have granted the motion). The record reflects, rather, that victim T.M. testified that she observed Mr. Cottrell with a gasoline can at her house and that she saw him using a lighter to "light [her house]" on fire. She testified that she had slammed her door to startle Mr. Cottrell but that it took her "brother swinging at [Mr. Cottrell] several times for him to get his bike and back away from the house." The video of the incident was admitted into evidence. This is the same surveillance video that was played at a preliminary hearing at which Mr. Cottrell was present. Having knowledge of the video, defense counsel may have rightly provided his professional opinion to Mr. Cottrell about the best and worst possible outcomes of the case. *See Walton-Kirkendoll* at ¶ 13 (having knowledge of the defendant's police interview and the victim's testimony, this court concluded that counsel "was rightly providing his professional opinion about the best and worst possible outcomes for [the defendant] given the circumstances of the case"), citing *State v. Williams*, 2016-Ohio-5655, ¶ 19 (2d Dist.) ("Based on our review of the transcript, defense counsel did no more than what any good attorney would do. Defense counsel strongly believed that [his client] would be convicted and that accepting the plea was in his client's best interest . . . . ").

{¶22}   Mr. Cottrell did not meet his burden of proof regarding the existence of manifest injustice in the plea proceedings, nor did he show that his counsel's alleged deficient performance

precluded him from entering no contest pleas that were knowing, voluntary, and intelligent. *See Smith*, 49 Ohio St.2d 261 at paragraph one of the syllabus; *see also Atkinson*, 2006-Ohio-5806, at ¶ 14 (9th Dist.). Accordingly, we conclude that the trial court did not abuse its discretion in denying Mr. Cottrell's motion to withdraw his no contest pleas. Mr. Cottrell's sole assignment of error is overruled.

## III.

**{¶23}** For the foregoing reasons, Mr. Cottrell's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
HENSAL, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and JOSEPH F. SALZGEBER, Assistant Prosecuting Attorney, for Appellee.